UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TIMOTHY DEWAYNE WILLIAMS** | **CIVIL ACTION NO. 15-2346-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN MORGAN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Timothy Dewayne Williams ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on September 8, 2015. Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. He names Warden Morgan as respondent.

On June 19, 2012, Petitioner pleaded guilty to one count of possession of cocaine in Louisiana's First Judicial District Court, Parish of Caddo. On June 19, 2012, he was also adjudicated a multiple offender and sentenced to 30 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) he was entitled to requested documents, and (3) the trial court refused to reveal the identity of a confidential informant.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

The court will first determine when Petitioner's conviction and sentence became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted, adjudicated a multiple offender, and sentenced on June 19, 2012. Petitioner did not seek direct review of his conviction and sentence. Thus, his conviction and sentence became final on July 19, 2012, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was filed in this court on September 8, 2015 and signed by Petitioner on September 1, 2015. Since the federal clock began ticking on July 19, 2012 and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition on or before July 19, 2013. This petition was not filed until September 2015, more than two years too late.

In addition, the untimely post-conviction application and supplement initiated by Petitioner in April 2014 and thereafter do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the first application for post-conviction relief until April 2014, after the limitation period had already expired in July 2013. Thus, statutory

tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that the federal one-year limitation period should be equitably tolled. He claims that his retained counsel provided him with ineffective assistance of counsel during his post-conviction relief proceedings. Petitioner claims he retained counsel to file his application for post-conviction in early 2013. Petitioner claims that because of his counsel's incompetency regarding the federal limitation period, his application for post-conviction relief was filed after her federal limitation period had expired. This claim is without merit

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th

Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

"[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." United States v. Petty, 530 F.3d 361, 366 (5th Cir.2008). Thus, petitioner's ineffective assistance of counsel claim does not justify equitable tolling.

Furthermore, Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and he has not shown that he acted with reasonable diligence. Petitioner could have filed a pro se application for post-conviction relief. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such a serious conviction and lengthy sentence at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 177, (5th Cir.2012). The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Petitioner has not presented facts nearly so egregious as found in those cases.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 29th day of January, 2016.

Mark L. Hornsby
U.S. Magistrate Judge