UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIMOTHY DEWAYNE WILLIAMS | CIVIL ACTION NO. 15-2346 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAY MORGAN | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before this Court is Petitioner's Motion for New Trial (Record Document 15). Petitioner filed an application for Writ of Habeas Corpus on September 8, 2015, challenging his state court conviction, habitual offender adjudication, and sentence (Record Document 1). The Report and Recommendation of Magistrate Judge Hornsby was adopted by this Court, which ordered that Petitioner's application for Writ of Habeas Corpus be denied and dismissed with prejudice. (Record Documents 13 and 14).

Petitioner now seeks a new trial based on "the erroneous judgment dated April 6, 2016." See Record Document 15. The basis of Petitioner's motion is that this Court has failed to consider petitioner's attorney fraud claims. Id.

This Court must assume that Petitioner is seeking a new trial in the matter of his criminal matter that was before the First Judicial District Court in Caddo Parish. These issues were raised in the application for Writ of Habeas Corpus, and such claims have been dismissed by this Court. Petitioner has provided no new claims or arguments, and therefore a new trial is not appropriate.

Conversely if Petitioner is seeking relief under FRCP Rule 59 or 60, he has failed to make such a showing. Altering or amending a judgment under FRCP Rule 59 is considered "an extraordinary measure, which courts should use sparingly." In the Matter

of Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1).  Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. Id. at 816.  Petitioner has provided no evidence of "manifest errors of law or fact," no new evidence, no need to prevent manifest injustice and no intervening change in controlling law.

The movant on a Rule 60(b) motion must show "unusual or unique circumstances." Pryor v. U.S. Postal Serv., 769 F.2d 281, 286 (5th Cir.1985).  Relief under Rule 60(b) is an extraordinary remedy, as "the desire for a judicial process that is predictable mandates caution in reopening judgments."  In re Pettle, 410 F.3d 189, 191 (5th Cir.2005), quoting Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir.1998).  Petitioner has failed to satisfy the requirements of both FRCP Rule 59 and Rule 60, and therefore is not entitled to such relief.

**IT IS ORDERED** that Petitioner's Motion for New Trial (Record Document 15) is hereby **DENIED.**

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of April, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE